# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**RICHARD ALBERT LUTHMANN, JR.**,
    Plaintiff,

v.  2:24-cv-940-NPM

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

---

## ORDER GRANTING FEES

Before the court is plaintiff Richard Albert Luthmann, Jr.'s unopposed motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 20). On February 18, 2025, the court granted an unopposed entry of judgment with remand. (Doc. 17). Now, Luthmann requests an award of $7,979.52 in attorney's fees. (Doc. 20).

Satisfaction of five conditions warrants an EAJA award: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no

opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The product of the lodestar carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Luthmann's attorneys request $251.84 an hour for 24.9 hours of work in 2024 (totaling $6,270.82), and $255.03 an hour for 6.7 hours of work in 2025 (totaling

$1,708.70). (Doc. 20). But the number of hours requested is excessive. For example, plaintiff counsel claims he spent **four hours** reading this:

> **JUDGMENT IN A CIVIL CASE**
>
> **Decision by Court.** This action came before the Court and a decision has been rendered.
>
>     **IT IS ORDERED AND ADJUDGED**
>
> Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for consideration of the aforementioned issues.
>
> **Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**
>
> Date: February 19, 2025
>
>                                      ELIZABETH M. WARREN,
>                                      CLERK
>
>                                      s/FLY, Deputy Clerk

We reduce the number of 2025 hours from 6.7 to 1.7, yielding a discount of $1,275.15. *See Thompson v. Comm'r of Soc. Sec.*, No. 2:22-CV-662-NPM, 2024 WL 1050494, *2 (M.D. Fla. Mar. 11, 2024) (observing that we have found about twenty-five hours to be reasonable when a Social Security appeal is remanded before

briefing is complete).[1] Otherwise, the fee request represents a reasonable number of hours at a reasonable hourly rate.

The unopposed motion for EAJA fees (Doc. 20) is **GRANTED in part**, and the clerk of court is directed to amend the judgment to include an award to Luthmann of **$6,704.37** in attorney's fees. This award may be paid directly to plaintiff counsel if the United States Department of the Treasury determines that no federal debt is owed by Luthmann.[2]

**ORDERED** on September 23, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1] Even without opposition from the Commissioner, the court may reduce the amount of compensable attorney hours. *See Porco v. Comm'r of Soc. Sec.*, No. 2:21-cv-32-JLB-NPM, 2022 WL 396318, *1 (M.D. Fla. Jan. 25, 2022), *R&R adopted*, 2022 WL 394394 (M.D. Fla. Feb. 9, 2022) (citing *Tumlin v. Comm'r of Soc. Sec.*, No. 2:19-cv-457-JLB-NPM, 2021 WL 4261216 (M.D. Fla. Sept. 20, 2021)).

[2] Luthmann filed a signed attorney's fees contract. (Doc. 20-2). Under the contract, Luthmann waived direct payment of the EAJA fees and assigned his rights to any EAJA fees to his attorney.